UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------
                                          :
CANDACE SPENCER-DEY,           :      CASE NO. 1:16-CV-2912
                                          :
              Plaintiff,               :
                                          :
vs.                                       :      OPINION & ORDER
                                          :
MICHAEL KILBANE,                  :
                                          :
              Defendant.               :
                                          :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Seeking to proceed *in forma pauperis*, *pro se* plaintiff Candace Spencer-Dey, a frequent

filer in this district, has filed a "Complaint for Replevin" against Michael Kilbane, the Police

Chief of the City of Independence.  (Doc. No. 1.)  The plaintiff's complaint, and the "Affidavit

of Verified Complaint" she has submitted with it, are unclear.  On its face, the complaint

pertains to property the plaintiff identifies as "Security agreements and other contractual

agreements between private parties."  The plaintiff contends this property was wrongfully taken

from her home pursuant to a fraudulent search warrant.  She contends the property is worth

"$10.7m" and seeks an order requiring the defendant to return the property to her in mint

condition or pay her "$10.7m" for conversion.

        Although *pro se* pleadings are liberally construed and held to less stringent standards

than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)

404 U.S. 519, 520 (1972), *pro se* litigants must still meet basic pleading requirements, and a

court is not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 Fed.

App'x 579, 580 (6th Cir. 2001).  Federal district courts are required to screen and dismiss before

service any *in forma pauperis* action that the court determines is frivolous or malicious, fails to

state a claim on which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71

(6th Cir. 2010).  To survive dismissal for failure to state a claim, a *pro se* complaint must contain

sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.

*Hill*, 630 F.3d at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals for

failure to state a claim under 28 U.S.C. §1915(e)(2)(B)).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but upon

review, the Court finds the complaint must be dismissed pursuant to §1915(e)(2)(B).

Although the complaint references the Fourth Amendment, the plaintiff's allegations

regarding her property, and the circumstances under which it was taken, are vague and

conclusory, and the plaintiff does not allege any involvement of defendant Kilbane or identify

any specific falsehoods underlying the search warrant.  *See, e.g,, Meeks v. Larsen,* 611 F. App'x

277, 283-85 (6th Cir. 2015) (an individual challenging a warrant affidavit may not rely on

conclusory allegations, but must point to specific material falsehoods and set forth supporting

allegations).  The plaintiff's complaint, even liberally construed, is insufficient to allege a

plausible Fourth Amendment, or any other federal claim against defendant Kilbane.

Further, to the extent the plaintiff's complaint could be construed as alleging state-law

claims against defendant Kilbane for conversion or replevin, the Court must dismiss the action.

The Court lacks federal diversity jurisdiction over any state-law claims as the plaintiff's

pleading indicates she and the defendant are citizens of the same state.

**Conclusion**

Accordingly, for the reasons set forth above, this action is dismissed on initial review

pursuant to §1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that

an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: December 20, 2016               *s/     James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE